ELIZABETH LASHLEY *v*. CENTERVILLE-ABINGTON COMMUNITY SCHOOLS.

[No. 1-872A57. Filed March 20, 1973.]

*Richard E. Boston, Harlan, Schussler & Keller,* of Richmond for appellant.

*P. Thomas Snow, Willard G. Bowen, Bowen, Cecere, O'Maley & Tripp,* of Richmond, for appellee.

## ON APPELLEE'S MOTION TO DISMISS

PER CURIAM—This cause is before the Court on the appellee's Motion to Dismiss Appeal, which alleges as cause therefor that the appellant failed to file a Motion to Correct Errors in the trial court as required by TR. 59(G).

This appeal is from an interlocutory order of the trial court overruling appellant's objections to appellee's complaint for condemnation of real estate for school purposes and appointing appraisers. Appellant argues in response to the motion to dismiss, that the order being appealed from is an interlocutory order and therefore by reason of the exclusion provided for in TR. 59(G), a motion to correct errors is not required to be filed, but appellate jurisdiction can be invoked by an assignment of errors filed in the higher court.

It now appears from the record herein that appellant did not file either a motion to correct errors in the trial court or an assignment of errors in this Court. The record of the proceedings in this cause was filed on November 1, 1972, within the time for filing the same as extended by Order of this Court. Thereafter, on January 5, 1973, appellant filed her Petition For Leave To File Assignment of Errors and tendered therewith for filing an Assignment of Errors.

The Assignment of Errors is the appellant's complaint in the appellate tribunal. *McCrary* v. *State* (1961), 241 Ind. 518, 173 N.E.2d 300. An Assignment of Errors is necessary to give the appellate tribunal jurisdiction of the appeal. Where there is no Assignment of

558

Error, the case must be dismissed. *McCrary* v. *State, supra;*
*State ex rel. Spelde* v. *Minker* (1963), 244 Ind. 421, 193
N.E.2d 365; *Indiana State Personnel Board* v. *Parkman*
(1968), 142 Ind. App. 255, 233 N.E.2d 798.

The timely filing of the record and the Assignment of Errors
has long been held to be a jurisdictional act. *In re Estate of
Meredith; Alt* v. *Skidmore, Admx.* (1966), 138 Ind.
App. 458, 214 N.E.2d 659; *Wiltrout, Indiana Practice,*
Vol. 3, § 2471, p. 252 and cases cited; *Bobbitt, Indiana
Appellate Practice and Procedure,* Vol. 1, pp. 504, 505, and
cases cited.

Having failed to file either a Motion to Correct Errors or
an Assignment of Errors, the appellant has not invoked the
jurisdiction of this Court and has not presented any
question on appeal. Accordingly, the appellee's Mo-
tion to Dismiss is sustained, and this cause is dis-
missed.