SONJA C. COSTANZI *v.* WILLIAM J. RYAN, ROBERT B. KRUEGER, AND THE BOARD OF TRUSTEES OF BARTHOLOMEW COUNTY HOSPITAL

[No. 1-777A135. Filed October 13, 1977.]

*Charles W. Hoodenpyl, Jr.*, of Jeffersonville, for appellant.

*Ralph A. Cohen, James L. Petersen, Ice, Miller, Donadio & Ryan*, of Indianapolis, for Board of Trustees.

## ON MOTION TO DISMISS

PER CURIAM — This cause is before the Court on a motion to dismiss Sonja C. Costanzi's appeal from an interlocutory order. Her appeal is brought pursuant to Rule AP. 4(B)(5) of the Indiana Rules of Appellate Procecure. In its motion to dismiss the Board of Trustees of Bartholomew County Hospital raises two issues:

(1) Must the Court of Appeals dismiss the appeal for failure of Costanzi to comply with rules of procedure imposing time limitations upon appeals from interlocutory orders which are appealable as a matter of right?

(2) Must the Court of Appeals dismiss the appeal for failure of Costanzi to include the assignment of errors in the record at the time the record was filed?

We deny the motion to dismiss.

Sonja C. Costanzi (Costanzi) commenced the trial court proceeding by filing her complaint against William J. Ryan (Ryan), Robert B. Krueger (Krueger), and the Board of Trustees of Bartholomew County Hospital (Hospital) in the Bartholomew Circuit Court October 29, 1976. Hospital and Ryan filed interrogatories propounded to Costanzi January 5, 1977, and January 10, 1977, respectively. Costanzi requested and received an enlarged period of time (to and including March 1, 1977) in which to answer. On March 1, 1977, Costanzi filed her answers and objections to Hospital's and Ryan's interrogatories. Both Ryan and Hospital filed motions and supporting briefs for orders compelling answers to the interrogatories to which Costanzi objected. The trial court granted the motions and entered orders on March 28, 1977, as to Ryan, and on April 6, 1977, as to Hospital. These orders read as follows, in part:

March 28, 1977:

"IT IS, THEREFORE, ORDERED that plaintiff answer fully and completely Interrogatories 6, 12, and 13, submitted by defendant William J. Ryan, on or before April 20, 1977."

April 6, 1977:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that plaintiff should provide direct and complete

answers to Interrogatories Nos. 14, 15, 19, 23, 24, and 25 filed by defendant on January 5, 1977."

On April 21, 1977, Costanzi filed a motion asking the trial court to reconsider its orders dated March 28, 1977, and April 6, 1977. The trial court set the motion for hearing to be held May 6, 1977, and gave Costanzi until April 29, 1977, to file a brief in support of her motion; Costanzi filed the brief April 29, 1977.

On May 10, 1977, the trial court overruled Costanzi's motion to reconsider and vacate the orders dated March 28, 1977, and April 6, 1977, and the trial court entered an order reading as follows, with formal parts omitted:

"Plaintiff's motion to reconsider and vacate the ordered [sic] dated March 28, 1977, compelling plaintiff to answer interrogatories 6, 12 and 13, propounded by defendant, William J. Ryan, and the order dated April 6, 1977, compelling plaintiff to answer interrogatories 14, 15, 19, 23, 24 and 25, propounded by defendant, Board of Trustees, Bartholomew County Hospital, having been submitted to the Court without argument, and the Court now being sufficiently advised, the Court finds that said motions to reconsider and vacate orders should be overruled.

"IT IS, THEREFORE, ORDERED that plaintiff answer said interrogatories set out above on or before June 8, 1977."

Costanzi filed in the trial court on June 6, 1977, her consolidated motions (1) to certify the interlocutory order to the Court of Appeals pursuant to Rule AP. 4(B)(5), and (2) to stay or suspend the interlocutory order pending determination by the Court of Appeals of appealability of the order and during pendency of appeal. The trial court ordered the relief prayed for June 6, 1977, and certified eight questions of law to the Court of Appeals for resolution. This order concludes as follows:

"It is further ordered that the interlocutory order dated May 10, 1977, be, and it is hereby, unconditionally stayed or suspended without bond or other security pending the determination by the Court of Appeals of Indiana, First District, of the appealability of the order and during the pendency of any subsequent appeal."

On June 10, 1977, Costanzi filed a praecipe with the clerk of the trial court, Hospital filed its motion asking the trial court to reconsider and vacate its order of certification, and the trial court entered an order denying Hospital's motion filed that date.

Costanzi filed her petition for leave to appeal the interlocutory order, and supporting brief, with the Clerk of the Supreme Court and Court of Appeals July 5, 1977. She tendered the record at that time, and the Clerk retained the record while awaiting authorization to file it. Hospital filed its brief opposing the petition July 20, 1977. On August 9, 1977, the Court of Appeals granted Costanzi's petition for leave to appeal the interlocutory order, accepted jurisdiction of the appeal pursuant to the provisions of Rule AP. 4(B)(5), ordered the Clerk to file the record as of August 9, 1977, and granted Costanzi to and including August 19, 1977, to file a brief.

While preparing her brief, Costanzi discovered that the record which she tendered July 5, 1977, and which the Clerk marked filed August 9, 1977, was barren of any assignment of errors. On August 15, 1977, Costanzi filed a petition for leave to amend the record to include an assignment of errors and tendered the assignment of errors at that time. When Costanzi filed her brief August 19, 1977, and returned the record to the Clerk, she placed the assignment of errors and the amended table of contents in the record for the convenience of Hospital in preparing its brief. On August 24, 1977, the Court of Appeals granted leave to amend the record by including the assignment of errors, amending the table of contents, and renumbering the pages.

The Board of Trustees of Bartholomew County Hospital filed its motion to dismiss September 6, 1977, "for the reason that plaintiff-appellant has filed to conform to the requirements of Appellate Rule 3 which requires the filing of a Record of Proceedings including an assignment of errors within thirty days of an interlocutory order."

Hospital's arguments on Issue One may be summarized as follows: Rule 53.3(A) of the Indiana Rules of Procedure prevents the order dated May 10, 1977, from being the relevant order for

appeal. Regardless of the holding on that argument, the appeal must be dismissed because Costanzi failed to file the record within thirty days of either April 6, 1977, or May 10, 1977.

As to Issue Two, Hospital argues that Rule AP. 7.2 requires inclusion of an assignment of errors in the record when an appeal is taken from an interlocutory order. Because the record contained no assignment of errors when filed August 9, 1977, the appeal must be dismissed.

■ The Supreme Court of Indiana has declared that

"[j]urisdiction is the legal power, as distinguished from the right, to entertain any matter or proceeding, and to act therein. . . . The power to entertain any matter and to act therein must come from the Constitution or from some statute." *State ex rel. Wilson v. Howard Circuit Court* (1957), 237 Ind. 263, 267, 145 N.E.2d 4, 6-7.

The Court of Appeals is a court established by Article 7, § 1, of the Constitution of the State of Indiana. The Court of Appeals is authorized by Article 7, § 6, to "exercise appellate jurisdiction under such terms and conditions as the Supreme Court shall specify by rules."

■ The Supreme Court has adopted Rule AP. 4(B)(5). A party proceeding under Rule AP. 4(B)(5) asks first the trial court and then the Court of Appeals to find that

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate.

Costanzi appropriately describes the product of Rule AP. 4(B)(5) as an appeal by grace, for Rule AP. 4(B)(5) makes a non-appealable interlocutory order appealable only by act of grace of the trial court and by act of grace of the Court of Appeals.[1]

---

1. "Of grace: A term applied to any permission or license granted to a party in

Costanzi has traversed the perils inherent in relying upon a procedural rule which has not been thoroughly examined and well defined by prior case law. Both the trial court and this Court have concluded that Costanzi has satisfied the requirements contained in Rule AP. 4(B)(5). Hospital, by its motion to dismiss, asks this Court to dismiss the appeal for failure of Costanzi to comply with rules of procedure imposing time limitations upon appeals from interlocutory orders which are appealable as a matter of right.

Cases are legion which hold that the procedural rules of the Supreme Court have the force and effect of law and are binding upon the courts as well as upon the litigants. However, it is the declared policy of our Supreme Court that cases be decided upon their merits insofar as possible. *Deckard v. Adams* (1965), 246 Ind. 123, 203 N.E.2d 303.

In *Soft Water Utilities, Inc. v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745, our Supreme Court determined that the trial court appropriately exercised its equitable discretion in granting relief from a judgment pursuant to TR. 60(B).[2] When LeFevre argued that failure to follow procedural rules barred exercise of substantive rights encompassed in the relief provided by TR. 60(B), our Supreme Court, by Justice Hunter, stated:

> "We have reached the conclusion that the trial court has equitable discretion to grant relief pursuant to Trial Rule 60(B), under circumstances where it is satisfied that the administration of justice will be served by its action. Certainly, the orderly procedure of our judicial system calls for adherence to rules designed to achieve that goal. But *we should never ignore the plain fact that the consequence of strict adherence to procedural rules may occasionally defeat rather than promote the*

the course of a judicial proceeding which is not claimable as a matter of course or of right, but is allowed by the favor or indulgence of the court." BLACK'S LAW DICTIONARY 1232 (4th ed. 1968).

2. The clerk of the trial court gave incorrect information to Soft Water concerning receipt of its motion to correct errors. This misinformation caused Soft Water to miss the thirty-day deadline for filing a praecipe to initate appeal. The Supreme Court held that relief was available under TR. 60(B). LeFevre unsuccessfully argued that the thirty-day limitation imposed by Rule AP. 2 for filing the praecipe was mandatory and therefore prevented initiation of appeal regardless of relief provided by TR. 60(B).

*ends of justice.* Similarly, if trial courts and courts of appeal were to rigidly apply Appellate Rule 2(A) in all cases, the provisions of Trial Rule 60(B) would be rendered meaningless. Such is not the desired effect of our flexible rules of procedure." (Emphasis added.) 261 Ind. 260, 269, 301 N.E.2d 745, 750.

The Supreme Court of Indiana has inherent power to grant time to perfect an appeal even after the expiration of time allowed by the rules of the Supreme Court, or statute, for sufficient reason shown. *State ex rel. Thomas v. Elkhart Circuit Court* (1950), 228 Ind. 572, 94 N.E.2d 485, *cert. denied,* 340 U.S. 922. This is done only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist. As a court created by the Constitution of the State of Indiana, the Court of Appeals also possesses such inherent power.

Additionally, with Rule AP. 4(B)(5) the Supreme Court has specifically entrusted the Court of Appeals with power to grant appeals by favor which are not available by right. By necessity, the grant of such broad power to the Court of Appeals must include concomitant authority for the Court of Appeals to provide procedural avenues for a party attempting to use Rule AP. 4(B)(5).

We have carefully reviewed the specific procedure followed by Costanzi, and we have considered that procedure with regard to the specific circumstances involved in the case at bar. We conclude that Hospital's motion to dismiss must be denied.

TR. 53.3(A) provides that no motion to reconsider shall extend the period of time for further proceedings. Even though TR. 53.3 states that no hearing is required on such a motion, the trial court in the case at bar did schedule a hearing and did set a date by which Costanzi was to file a brief in support of her motion to reconsider. The trial court did not rule on that motion until more than thirty days after the order dated April 6, 1977. By scheduling the hearing the trial court indicated that the motion for certification might well be totally unnecessary. Costanzi acted reasonably and understandably when she waited for the trial court to rule on the motion to reconsider

before she submitted her motion asking the trial court to certify the questions of law to the Court of Appeals.

We note also that the trial court's order of certification which Rule AP. 4(B)(5) makes a condition precedent to appeal specifically names the interlocutory order dated May 10, 1977. In essence, Hospital now challenges the trial court's appraisal of the proceeding in the lower court. At the time a party petitions the Court of Appeals for leave to appeal under Rule AP. 4(B)(5), certainly the trial court is in a better position than is this Court to determine the propriety of appeal from one interlocutory order as opposed to a preceding interlocutory order entered in a particular trial court proceeding. Hospital filed its motion asking the trial court to reconsider its order of certification and filed an eight-page brief in support of that motion. At no time did Hopsital offer to the trial court the argument which it now offers this Court.

The record supports the action of the trial court in concluding that the order dated May 10, 1977, was eligible for certification pursuant to Rule AP. 4(B)(5), despite the statements contained in TR. 53.3. The order entered May 10, 1977, was not merely an order reaffirming the order dated April 6, 1977. It encompassed both the order dated April 6, 1977, and the order dated March 28, 1977, and it also imposed upon Costanzi for the first time a deadline for filing the answers to the remainder of Hospital's interrogatories.

Before an appeal is possible under Rule AP. 4(B)(5), there must be an interlocutory order, then an order of certification by the trial court, and finally an order of the Court of Appeals granting leave to appeal. A party has no appealable order until this progression is completed. Although Costanzi did not tender the record for filing within thirty days of May 10, 1977, she did seek an order of certification from the trial court and did file with this Court her petition for leave to appeal within a time period which was reasonable and which reflected the seriatim nature of the procedure set forth in Rule AP. 4(B)(5).

Our Supreme Court recognized that strict adherence to procedural rules could render relief pursuant to TR. 60(B) meaningless. Strict and uncompromising adherence to procedural rules could impose totally futile duties upon the parties, the trial court, and this Court, or even render relief pursuant to Rule AP. 4(B)(5) meaningless.

Hospital argues that Costanzi's failure to include an assignment of errors in the record at time of filing forces this Court to dismiss the appeal. Cases such as *Lashley v. Centerville-Abington Community Schools* (1973), 155 Ind. App. 556, 293 N.E.2d 519, provide apparent foundation for Hospital's argument. Lashley filed the record without including an assignment of errors when she appealed from an interlocutory order entered in a condemnation proceeding. In sustaining a motion to dismiss despite Lashley's petition for leave to file the assignment of errors, this Court explained:

> "The Assignment of Errors is the appellant's complaint in the appellate tribunal. *McCrary v. State* (1961), 241 Ind. 518, 173 N.E.2d 300. An Assignment of Errors is necessary to give the appellate tribunal jurisdiction of the appeal. Where there is no Assignment of Error, the case must be dismissed. *McCrary v. State, supra.*" (Other citations omitted.) 155 Ind. App. 556, 557-58, 293 N.E.2d 519, 520.

In *Moore v. Spann* (1973), 157 Ind. App. 33, 298 N.E.2d 490, appellants failed to include in the record certified copies of their motions to correct errors. The Court of Appeals, Second District, dismissed the appeal and concisely noted the reason for doing so:

> "The motion to correct errors is the complaint on appeal, and without certainty as to the exact errors raised in the trial court intelligent review is frustrated. This is the keystone of the arch of appellate review." 157 Ind. App. 33, 41, 298 N.E.2d 490, 494.

Costanzi argues persuasively that, at the time the record was filed the issues had been defined with certainty and precision in (1) Costanzi's answers and objections filed March 1, 1977; (2) Costanzi's brief opposing Hospital's motion to compel answers to its interrogatories; (3) Costanzi's motion for the order of

certification of the trial court; and (4) Costanzi's petition to the Court of Appeals for leave to appeal. Before the Court of Appeals could possibly have reviewed the matter, those issues were set forth again in Costanzi's brief on the merits filed August 19, 1977, and in the assignment of errors added by amendment by the record. Hospital had the benefit of all those items by the time it was called upon to prepare a brief on the merits.

In *American States Insurance Co. v. State ex rel. Jennings* (1972), 258 Ind. 637, 640, 283 N.E.2d 529, 531, our Supreme Court, by Justice Hunter, explained that the rules of procedure are meant as tools and not as barriers:

> "Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means. *This is especially true in a case* such as the one at bar *where we prejudice no one by allowing the record to be corrected at this point.*" (Emphasis added.)

This Court, by necessity, has already considered the question of whether or not Costanzi presents a case worthy of appeal, and this Court has answered that question affirmatively by granting her petition for leave to appeal. Past petitioners for leave to appeal pursuant to Rule AP. 4(B)(5) could well attest that we grant such petitions neither generously nor indiscriminately. After Costanzi has obtained the order of certification of the trial court and obtained leave of this Court to appeal, Hospital asks this Court to dismiss the appeal for alleged procedural errors which have in no way affected Hospital's ability to argue the case on the merits and which have in no way affected this Court's ability to review the matter.

By providing Rule AP. 4(B)(5), our Supreme Court has shown extraordinary concern for making the appellate tribunal accessible upon proper showing of need. This Court would be fastening tighter the very chains which our Supreme Court has attempted to loosen if it were to dismiss a case such as the one at bar and

proclaim that alleged procedural errors which have harmed no one warrant refusal by this Court to decide legal issues. Instead, we deny Hospital's motion to dismiss and await Hospital's argument on the merits.

Motion to dismiss is hereby denied.

NOTE—Reported at 368 N.E.2d 12.