RICHARD G. LUGAR ET AL. *v.* STATE OF INDIANA EX REL.
GEORGE C. LEE ET AL.

[No. 1278S288. Filed December 13, 1978.]

*David R. Frick,* Corporation Counsel, of Indianapolis, *William L. Soards, Soards & Carroll,* of Indianapolis, for appellants.

*John C. Ruckelshaus, Paul G. Roland, Rex P. Killian, Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellees.

GIVAN, C.J.— Appellees filed a petition to transfer after an adverse decision in the Court of Appeals. This is an action in mandate brought by appellees, former members of the Indianapolis Police Department and the widows or next of kin thereof, to compel the trustees of the Police Pension Fund to include, in the computation benefits, the clothing allowance paid to policemen under IC § 19-1-10-1 [Burns 1974]. The trial court held the clothing allowance must be included in the salary computation and accordingly ordered the Trustees to pay $1,310,696.73 to the Fund. The Court of Appeals reversed the trial court. We agree with the result reached by the Court of Appeals. However, to settle confusion created by three separate opinions of that court demonstrating differences of opinion as to the application of procedural rules in the case, we hereby grant transfer and reverse the judgment of the trial court.

In the Court of Appeals, appellants had been given until January 29, 1976 to file their brief. On January 28, 1976, the attorney for appellants filed a petition for an emergency extension of time. A separate sworn statement as required by Ind. R. Ap. P. 14(A) did not accompany the petition. However, the verified petition stated that "despite due diligence and giving preference to this matter" the attorney for appellants would not be able to complete the brief in time because of his duties as a member of the Indiana House of Representatives.

This Court has inherent discretionary power to entertain an appeal after the time allowed has expired. *State ex rel. Cook v. Howard, Warden,* (1945) 223 Ind. 694, 64 N.E.2d 25. The Court of Appeals also has this power. *Lowe v. Gardner,* (1959) 129 Ind.App. 527, 158 N.E.2d 808. However an appeal under such conditions is not a matter of right and will not be permitted in every situation. This Court will exercise such discretion "only in rare and exceptional cases, such

as in matters of great public interest, or where extraordinary circumstances exist." *Costanzi v. Ryan,* (1977) 174 Ind.App. 454, 368 N.E.2d 12, 16.

Such is the situation in the case at bar. Although the petition does not state that the facts supportive thereof did not exist or were not known until less than five days before the deadline, it is reasonably inferable that such is the case. The petition does disclose that appellants' attorney was serving in the legislature at the same time he was attempting to prepare a brief in a matter of great public importance, involving millions of public dollars and private pension benefits. These were indeed extraordinary circumstances and an appellant court in such a case should not so strictly adhere to procedural rules as to ignore the practical dilemmas sometimes faced by counsel who are active in public affairs. The Court of Appeals was well within its discretion in granting the petition for an extension of time.

Following the trial court's entry of judgment, appellants filed a motion to correct error. The judgment was challenged on several grounds but not on the basis that it was contrary to law in that it contravened IC § 19-1-18-13(a) [Burns 1974]. This contention, however, was argued extensively on the first page of the accompanying memorandum. The appellees contend that the failure to insert the specification in the motion itself precluded appellate review.

> The motion to correct error serves three purposes: (1) to present to the trial court an opportunity to correct error which occurs prior to the filing of the motion; (2) to develop those points which will be raised on appeal by counsel; and (3) to inform the opposing party concerning the points which will be raised on appeal so as to provide that party an opportunity to respond in the trial court and on appeal.

*P-M Gas & Wash Co., Inc. v. Smith,* (1978) 268 Ind. 297, 375 N.E.2d 592, 594.

The question as to whether the clothing allowance is includable in the statutory definition of salary has been the focal point of this lawsuit from the outset. The question was raised specifically in the plaintiff-appellees' motion for summary judgment and the trial court in granting the motion found that the clothing allowance was within the statutory meaning of "salary." The purposes of the motion

to correct error have been served. No party, nor any court, has been misled. The Court of Appeals was therefore correct in determining the question on appeal.

The final procedural issue is whether the appellants waived any errors by failure to comply with Ind. R. Ap. P. 8.3(A)(5) & (7). We have examined appellants' brief which was submitted to the Court of Appeals and find that it complies with the requirements of the rule. Hence, this issue of paramount public importance will be decided on its merits, no waiver having been found.

After the first year of service, a policeman in a first, second, third, or fourth class city may be required to maintain his uniform and equipment, and in return be paid a clothing allowance of not less than $200. IC § 19-1-10-1 [Burns 1974]. For first class cities, the "salary of a first grade patrolman, for the purpose of computing pensions and benefits as specified herein, shall be defined as base salary as provided for by ordinance plus any remuneration for length of service...." IC § 19-1-18-13(a) [Burns 1974]. Nowhere in the statute is there provided that salary includes anything other than base salary plus longevity pay. As the Court of Appeals stated in *Hilligoss v. LaDow*, (1977) 174 Ind.App. 520, 368 N.E.2d 1365, 1371:

> Our conclusion that this annual cash allowance for clothing is not salary within the meaning of the pension provisions follows from an examination of the respective statutes. As we have interpreted the term here, "salary" does not include all forms of compensation, only that renumeration which is paid on a regular and periodic basis in exchange for services.

> Admittedly, the clothing allowance is a form of compensation in that it does relieve the recipient of the necessity of making clothing expenditures from his usual remuneration. But the annual cash payment is supplemental to, and not an integral part of, the employee's *regular salary*. The statutory scheme underscores this distinction in the very existence of a separate clothing allowance authorization. . . .

> Moreover, an analysis of the intent and purpose behind IC 19-1-10-1, *supra*, indicates that the clothing allowance is not paid in exchange for services. . . .

Under the terms of the statute, the City can require its police and fire personnel to provide their own clothing only upon payment of the annual cash allowance. The allowance is thus intended to help the recipient offset whatever cleaning, repair, and replacement costs he or she is likely to incur in furnishing and maintaining uniform, clothing, arms and equipment.

The reasoning of the Court of Appeals in *Hilligoss* and subsequently applied in the case at bar by Judge Sullivan is wellfounded. We therefore hold that the clothing allowance is not to be included in the computation of salary for purposes of determining pension benefits.

Transfer is granted, the opinion of the Court of Appeals is affirmed, and the judgment of the trial court is reversed and remanded with instructions to enter judgment for the defendant-trustees.

Hunter, Pivarnik, and Prentice, JJ. concur.

DeBruler, J. concurs in result.

NOTE—Reported at 383 N.E.2d 287.