Charles MAXWELL, Ellyn Maxwell, Frank Miotto, Betty Miotto, Victor Maxwell, Vlasta Maxwell, Warner Riley, Bernard L. Thompson, Alethaire Thompson, Florence Duncan, Robert J. Dangler, and Catherine K. Dangler, Appellants (Claimants-Plaintiffs, Third-Party Defendants, and Counter-Claimants Below),

v.

Roger E. HAHN, Virginia Hahn, Terry M. DeVault, Eleanor G. DeVault, Harry A. Sheetz, Karen Sheetz, Michael Brown, Allen R. Carlson, Earlynn S. Carlson, Ruth Wilcox, Lowell G. Showalter, Cynthia Showalter, Donald H. Beer, Ruth A. Beer, Terry Jodry, Sue Jodry, Wayne Weaver, Ruth V. Weaver, Charlene Kruit, and Roger Sumer, Appellees (Defendants, Third-Party Plaintiffs, and Counter-Defendants Below).

No. 43A03–8607–CV–187.

Court of Appeals of Indiana, Third District.

May 26, 1987.
Rehearing Denied July 14, 1987.

R. Steven Hearn, Bradley J. Tandy, Rasor, Harris, Lemon & Reed, Warsaw, for appellants.

Richard K. Helm, Brooks C. Pinnick, Rockhill, Pinnick, Pequignot Helm & Landis, Warsaw, for appellees.

HOFFMAN, Judge.

Appellants Charles and Ellyn Maxwell, et al., appeal from the judgment entered against them and in favor of Roger E. Hahn, et al., in the Kosciusko Superior Court.

This appeal arises out of a dispute over the use and ownership of land contiguous to Dewart Lake in Kosciusko County, Indiana. The pertinent facts are undisputed: Prior to October 5, 1945, Willard L. and Helen Redmon, Marion L. and Dottie Redmon, Carl W. and Helen Redmon, Martha A. Redmon and Martha A. Redmon as guardian of Dorothy Redmon, a minor, were the owners of a tract of real estate consisting of approximately 8.5 acres, situated in Kosciusko County, Indiana, the easternmost boundary of which was contiguous to Dewart Lake. The Redmons from this 8.5 acre tract created two subdivisions and, on October 5, 1945, duly executed a plat denominated as "Redmon's Second Addition to Redmon Park," consisting of 6.17 acres of the total 8.5 acres owned by the Redmons. The plat, which was duly recorded in the Office of the Recorder of Kosciusko County, Indiana, on January 8, 1946, provided for the following:

"This addition consists of thirteen lots numbered from one to thirteen inclusively: lots one and thirteen are irregular; lots two to twelve inclusive are each fifty (50) feet wide and one-hundred (100) feet long; lake approaches between lots three and four, seven and eight, and eleven and twelve are each fifteen (15) feet wide. *The area between the lake and the lots is common ground for the use of the owners of these lots or future lots that may be laid out west of this addition; however this area between the lake and this addition is not to be subdivided into lots.*" (Emphasis added.)

The Redmons later platted and recorded the plat of the "Third Addition to Redmon Park," which consisted of 19 lots. The "Third Addition to Redmon Park" lies west of and adjacent to "Redmon's Second Addition to Redmon Park" and is the only property the Redmons laid out west of the Second Addition plat. A map of these additions to Redmon Park as they exist today is as follows:

The owners of the Third Addition to Redmon Park (appellants) asserted before the trial court their right to use the common ground and the lake approaches, as laid out in the Second Addition to Redmon Park, for their access to Dewart Lake for the general purposes of swimming, fishing and placing piers in the waters of Dewart Lake for the purpose of docking their boats. The owners in the Second Addition (appellees) denied that the Third Addition owners had riparian rights to the common ground and further alleged in defense that they were the fee simple owners of the common ground.

The trial court concluded that the plat proprietors had, while divesting themselves of the title of Lots 1 through 13 to the Second Addition owners, also vested the fee simple title to the common ground and the lake approaches to the Second Addition owners. After thus finding that the fee simple titles of the Second Addition owners included the common ground and the lake approaches, the trial court granted exclusive riparian rights to erect piers or docks on the shores of Dewart Lake to the Second Addition owners and easement rights to swim and fish in Dewart Lake to Third Addition owners. From this judgment the Third Addition owners appeal, alleging that the trial court erred in its finding that the Second Addition owners are the fee simple title holders to the common ground and the lake approaches and thus the trial court incorrectly vested sole riparian rights with the Second Addition owners.

■ The Second Addition owners contend in their brief of appellees that the Third Addition owners have waived any consideration of the alleged error because the record of proceedings presented to this Court did not include the summary judgment of the trial court, where the trial court concluded that the fee simple title to the lakeshore area was in the lot owners of the Second Addition. This waiver argu-

ment fails because Ind. Rules of Procedure, Appellate Rule 7.2(C)(2) specifically states that incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits. Also, by the filing of their petition for extension of time to file their brief for appellees without previously mentioning any problem with the record, the Second Addition owners waived any technical defect or omission in the trial record. *Leuck v. Goetz* (1972), 151 Ind.App. 528, 532, 280 N.E.2d 847, 850 and A.P. 14(B)(4).

When findings of fact and conclusions of law are tendered by the trial court, as was the case here, this Court will only set aside the judgment premised thereon if the findings do not disclose a valid basis for the legal result reached in the judgment. *Campins v. Capels* (1984), Ind. App., 461 N.E.2d 712, 717. There was no evidence presented to the trial court to support the finding that the conveyance by the plat owners to the Second Addition owners included the land contiguous to Dewart Lake and the lake approaches. The plat language to the contrary, namely "the area between the lake and the lots is common ground for the use of the owners of these lots or future lots that may be laid out west of this addition ...," controlled in the conveyance. When lands are granted according to the plat, the plat becomes part of the grant or deed by which the land is conveyed as far as the limits of the land are concerned. *Gary Land Co. v. Griesel* (1913), 179 Ind. 204, 209, 100 N.E. 673, 675. A duly recorded plat gives notice to all prospective purchasers of the restrictions contained in the plat. *Wischmeyer v. Finch* (1952), 231 Ind. 282, 286, 107 N.E.2d 661, 663.

The Second Addition owners cite this Court to several instances where the Supreme Court and this Court have found that strips of land abutting against a highway or body of water should have fee simple title vested to the adjacent landowners.

See, e.g., *Ross et al. v. Faust et al.* (1876), 54 Ind. 471, 478 and *Earhart v. Rosenwinkel* (1940), 108 Ind.App. 281, 291, 25 N.E.2d 268, 272.

While it is true that the presumption that these strips of land should belong to the adjacent landowner has been invoked in this state, the *Earhart* court specifically stated that that presumption is rebutted "when it clearly appears from the language of the conveyance that the contrary was actually intended[.]" 108 Ind.App. at 291, 25 N.E.2d at 272. Since the language of the conveyance here expressly reserved the common ground and the lake approaches for the use of both the Second and Third Addition owners, any presumption that these strips of land belonged to the adjacent landowners was clearly rebutted.[1] The express language of the plat creates an easement to the owners of the Second and Third Addition lots for the "use" of the common ground and lake approaches. An instrument creating an easement must be construed according to the intention of the parties, as ascertained from all the surrounding facts and circumstances. *Brown et al. v. Heidersbach et al.* (1977), 172 Ind.App. 434, 441, 360 N.E.2d 614, 620. Co-owners of easements possess the rights to construct, alter or improve the easement or exercise their rights in any way to perpetuate their enjoyment of the easement, as long as their actions do not interfere with their co-owners' rights to enjoy the easement. *Litzelswope v. Mitchell* (1983), Ind.App., 451 N.E.2d 366, 369. It is thus consistent with the language of the conveyance to allow both Second and Third Addition owners to erect piers or docks adjacent

---

1. The trial court did not rule and the Second Addition owners did not argue on appeal that they had acquired title to the common ground and lake approaches by means of adverse possession. Although there was evidence in the record that the Second Addition owners had taken physical care of and paid taxes on this land for a number of years, the testimony of two Second Addition owners at trial that they only recently believed that Third Addition owners did not have the right to put their piers and docks in the water seems to indicate that one of the requirements for proving a claim of adverse possession, that the adverse owners were exercising exclusive claim of rights, could not have been fulfilled. *See, Poole v. Corwin* (1983), Ind. App., 447 N.E.2d 1150, 1152.

to the common ground and lake approaches areas to the extent that they are not interfering with their co-owners use and enjoyment of those areas.

The judgment of the trial court is reversed.

Reversed.

STATON, J., and CONOVER, P.J., concur.