**SOUTH MADISON COMMUNITY SCHOOL CORPORATION, Appellant–Respondent,**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT & TRAINING SERVICES and Linda S. Oliver, Appellees–Claimants.**

No. 93A02–9211–EX–544.

Court of Appeals of Indiana, Fourth District.

Nov. 3, 1993.

Charles F. Gaus, Pendleton, for appellant-respondent.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees-claimants.

CHEZEM, Judge.

*Case Summary*

Appellant-respondent, South Madison Community School Corporation ("South Madison"), appeals from the decision of the Review Board of the Indiana Department of Employment and Training Services ("Review Board") granting the claim of Linda Oliver ("Oliver") for unemployment benefits. We dismiss the appeal.

*Issue*

South Madison raises two issues for our review. However, we are precluded from addressing those issues as the following dispositive issue is presented by the Review Board: whether this court has jurisdiction to entertain the appeal.

*Facts and Procedural History*

Oliver was employed as a teacher's assistant by South Madison for the 1991–92 academic year. In April 1992, South Madison mailed to all teacher's assistants a letter which stated that they would be rehired if student enrollment for the 1992–93 academic year either increased or remained the same, but that if enrollment decreased, they might be laid off. On June 26, 1992, Oliver filed a claim for unemployment benefits with the Indiana Department of Employment and Training Services ("IDETS").

On July 15, 1992, an IDETS deputy determined that Oliver was eligible for unem-

ployment benefits because there was not a reasonable assurance[1] that Oliver would return to her employment with South Madison for the 1992–93 academic year. South Madison appealed the deputy's determination to the administrative law judge ("ALJ"), who conducted a hearing on August 10, 1992. The ALJ issued his decision on August 20, 1992, which also held that because Oliver had no reasonable assurance of employment with South Madison for the 1992–93 academic year, she was entitled to unemployment benefits. On September 1, 1992, South Madison appealed the ALJ's decision to the Review Board. On September 18, 1992, the Review Board affirmed the decision of the ALJ.

On October 2, 1992, South Madison filed with the Review Board a Notice of Intention to Appeal the Decision of the Review Board to the Court of Appeals. This appeal followed.

### Discussion and Decision

The Review Board argues that this court is without jurisdiction to hear the appeal because South Madison has failed to include an assignment of errors in the record of proceedings. We agree.

■ The timely filing of an assignment of errors with this court is a jurisdictional act. *Lashley v. Centerville–Abington Community Schools* (1973), 155 Ind.App. 556, 293 N.E.2d 519. Indiana Rule of Appellate Procedure 7.2(A)(1) provides that the record of proceedings shall include "an assignment of errors for reviews from administrative decisions taken directly to the Court of Appeals under Appellate Rule 4(C)." In addition, Indiana Code § 22–4–17–12(f) provides that when appealing a decision of the Review Board to the court of appeals, "[t]he appellant shall attach to the transcript an assignment of errors."

■ Although the assignment of errors is considered a part of the record of proceedings, it does not have to be filed with the record; it may be filed separately, as long as it is filed within the time permitted by the appellate rules. App.R. 7.2(A)(1); *Kentucky–Indiana Municipal Power Ass'n. v. Public Service Company of Indiana, Inc.* (1979), 181 Ind.App. 639, 393 N.E.2d 776. Also, an extension of time to file the record of proceedings necessarily includes an extension of time to file an assignment of errors. *Overshiner v. Indiana State Highway Commission* (1983), Ind.App., 448 N.E.2d 1245. However, if no assignment of errors is filed, either separately or with the record of proceedings, the appeal will be dismissed for lack of jurisdiction. *Indiana Bell Telephone Co., Inc. v. T.A.S.I., Inc.* (1982), Ind.App., 433 N.E.2d 1195.

■ Our review of the record in this case discloses that South Madison failed to file an assignment of errors with this court. As South Madison has not invoked the jurisdiction of this court, the cause must be dismissed.

Dismissed.

MILLER and BARTEAU, JJ., concur.

---

1. Ind.Code § 22–4–14–7(a)(2) provides in pertinent part: "With respect to services performed in any capacity (other than those listed in subdivision (1) of this section) for an educational institution, benefits may not be paid based on the service of an individual for any week which commences during a period between two (2) successive academic years or terms if the individual performs the service in the first of the academic years of terms and there is reasonable assurance that the individual will perform the service in the second of the academic years or terms."