635 N.E.2d 181 (1994)
Debra L. CLAYWELL, Appellant-Claimant,
v.
REVIEW BOARD OF THE INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Mable Martin-Scott, George H. Baker, and Mark T. Robbins As Members of and As Constituting the Review Board of the Indiana Department of Employment and Training Services and Stirling Clinic, Appellees-Respondents.
No. 93A02-9307-EX-376.
Court of Appeals of Indiana, Fifth District.
May 31, 1994.
*182 Michael A. Minglin, Hollingsworth, Meek, Miller & Pearson, Indianapolis, for appellant.
Pamela Carter, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.
BARTEAU, Judge.
Debra Claywell quit her full-time job as a laboratory assistant with Stirling Clinic on January 8, 1993. Claywell's application for unemployment compensation was denied, and, after a hearing, the administrative law judge denied Claywell's appeal, finding that she voluntarily left employment without good cause. The Review Board, adopting the findings of fact and conclusions of law as determined by the administrative law judge, likewise denied benefits. Claywell now appeals to this court, arguing that 1) the administrative law judge was derelict in his duty to develop the issues at the hearing; 2) the Review Board's findings were not supported by the evidence and the decision was not supported by the findings; and 3) the Review Board's decision was contrary to law.
The Review Board argues this court is without jurisdiction because Claywell failed to file an assignment of errors with this court as required by Ind.Appellate Rule 7.2(A)(1) and Ind. Code 22-4-17-12(f). We agree with the Review Board and dismiss this appeal.

DISCUSSION
Pursuant to App.R. 7.2(A)(1), the record of proceedings filed with this court must include "an assignment of errors for reviews from administrative decisions taken directly to the Court of Appeals under Appellate Rule 4(C)." Indiana Code 22-4-17-12(f) provides that when appealing a decision of the review board, the appellant "shall attach to the transcript an assignment of errors." The timely filing with this court of an assignment of errors for appeals from the Review Board is a jurisdictional act. South Madison Commun. School Corp. v. Rev. Bd. of the Ind. Dep't of Employ. & Training Serv. (1993), Ind. App., 622 N.E.2d 1042, 1043. In South Madison Comm. Schools, we stated:
Although the assignment of errors is considered a part of the record of proceedings, it does not have to be filed with the record; it may be filed separately, as long as it is filed within the time permitted by the appellate rules. Also, an extension of time to file the record of proceedings necessarily includes an extension of time to file an assignment of errors. However, if no assignment of errors is filed, either separately or with the record of proceedings, the appeal will be dismissed for lack of jurisdiction.

Id. at 1043 (citations omitted, emphasis supplied).
Claywell did not file an assignment of errors with this court. Without citation to authority, she argues that her "Request for Appeal to the Review Board," which enumerates mistakes allegedly made by the administrative law judge, satisfies the requirement *183 of an assignment of errors. We do not agree. This court may only review decisions of the Review Board. Bowman v. Rev. Bd. of the Ind. Employ. Sec. Div. (1973), 158 Ind. App. 563, 303 N.E.2d 840. Therefore, the assignment of errors to which App.R. 7.2(A)(1) and I.C. XX-X-XX-XX(f) refer is an assignment of alleged errors by the Review Board. As Claywell has failed to file an assignment of errors with this court before appealing the decision of the Review Board, her appeal must be dismissed.
Claywell alternatively argues that the Review Board waived this jurisdictional defect by filing a Verified Petition for an Extension of Time with this court pursuant to App.R. 14(B). She argues that because the Review Board filed an extension of time, it could not raise an objection to a technical defect in the record, but was required to limit its argument on appeal to the merits of the case. She cites Maxwell v. Hahn (1987), Ind. App., 508 N.E.2d 555, reh'g denied, trans. denied and Leuck v. Goetz (1972), 151 Ind. App. 528, 280 N.E.2d 847, in support. Both Maxwell and Leuck stand for the proposition that an appellee who files an extension of time waives any objection to technical defects in the record. Both cases note that, pursuant to App.R. 7.2(C)(2), "[i]ncompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits."
Here, however, the problem is not one of an incomplete or inadequate record. Rather, the problem is that Claywell has failed to invoke the jurisdiction of this court to hear her appeal by failing to timely file an assignment of errors. Therefore, we must dismiss this appeal. South Madison Comm. School Corp., 622 N.E.2d 1042.
In Hogan v. Rev. Bd. of the Indiana Dep't of Employment and Training Serv. (1994), Ind. App., 635 N.E.2d 172, the Second District of this court, relying heavily on Lugar v. State (1978), 270 Ind. 45, 383 N.E.2d 287, holds "failure to include [an assignment of errors] does not deprive us of jurisdiction, nor prevent us from exercising our inherent power to hear this cause." Op. at 179. We do not agree. Lugar involved appellants' failure to follow the rules of appellate procedure. Here, however, we are faced with a statute in addition to our rules of procedure. We are not free to ignore the statutory mandate that an assignment of errors be included with the appeal. In fact, Judge Sullivan, writing for the majority in Hogan, recognizes that it is not the prerogative of this court to abolish I.C. XX-X-XX-XX(f). Yet, the court's opinion does just that by, in effect, permitting the appellate court to review an appeal that does not contain an assignment of errors.[1]
Even if we were to agree with the Hogan court that this court has inherent power to address the merits of an appeal where no assignment of errors has been filed, this is not a case in which this court should exercise such powers. We may only exercise our "inherent power" "`in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist.'" Lugar, 270 Ind. at 46, 383 N.E.2d at 289, (quoting Costanzi v. Ryan (1977), 174 Ind. App. 454, 368 N.E.2d 12). The record in Lugar disclosed that "appellants' attorney was serving in the legislature at the same time he was attempting to prepare a brief in a matter of great public importance, involving millions of public dollars and private pension benefits." Lugar, 270 Ind. at 46, 383 N.E.2d at 289. The case before us today does not involve a matter of great public interest or extraordinary circumstances.
*184 We recognize that the Second District has created a conflict in the case law on this issue. However, we do not agree with the Hogan court. Instead, we believe that the correct result was reached in South Madison Comm. School Corp., 622 N.E.2d 1042, and rely on that authority in dismissing this appeal.[2]
APPEAL DISMISSED.
SHARPNACK, C.J., concurs.
SULLIVAN, J., dissents with opinion.
SULLIVAN, Judge, dissenting.
For the reasons set forth in the Second District majority opinion in Hogan v. Review Board, (1994) 2d Dist.Ind. App., 635 N.E.2d 172, decided this date, I respectfully dissent.[3]
NOTES
[1] We disagree with the Hogan court as to the meaning of App.R. 7.2(A)(1). This rule provides:

(A) The record of the proceedings shall consist of the following documents:
(1) A copy of the praecipe and where used a copy of the Motion to Correct Error or an assignment of errors for reviews from administrative decisions taken directly to the Court of Appeals under Appellate Rule 4(C).
In our opinion, the phrase "where used" applies to the type of case involved. A Motion to Correct Error would only be used where a trial court is involved. An assignments of error, on the other hand, is used in appeals from administrative decisions. By our trial rules, a Motion to Correct Error is not a prerequisite for appeal except in limited situations. Ind.Trial Rule 59. However, there is no such rule abolishing the need for an assignment of error for reviews from administrative decisions. In fact, an assignment of errors is required by statute.
[2] We also note that St. Amand-Zion v. Rev. Board (1994), Ind. App., 635 N.E.2d 184, also handed down on this date, is consistent with our holding here.
[3] The majority opinion here finds some significance in the fact that Claywell "enumerates mistakes allegedly made by the administrative law judge" (maj. op. at 182) (emphasis in original) and that we may only review decisions of the Review Board. The record here clearly discloses that the full Review Board adopted the findings and conclusions of the Administrative Law Judge and that the review sought is from the Board's affirmance of his decision.