635 N.E.2d 184 (1994)
In the matter of Marie D. ST. AMAND-ZION, Appellant,
v.
REVIEW BOARD OF THE INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Sandra D. Leek, George H. Baker and Mark T. Robbins, As Members of and As Constituting the Review Board of the Indiana Department of Employment and Training Services, and Medco Center, Appellees.
No. 93A02-9210-EX-497.
Court of Appeals of Indiana, Fourth District.
May 31, 1994.
Georgia C. Luks, South Bend, for appellant.
Richard A. Rice, Sopko & Firth, South Bend, for appellees.
*185 RILEY, Judge.

STATEMENT OF THE CASE
Claimant-Appellant Marie St. Amand-Zion (Claimant) appeals a decision by the Review Board of the Indiana Department of Employment and Training Services (Review Board) denying her unemployment benefits following her termination from Employer-Appellee Medco Center.
We dismiss.

ISSUE
Claimant raises a single issue for our review. However, we are precluded from addressing the issue because we do not have jurisdiction to entertain the appeal.

FACTS AND PROCEDURAL HISTORY
Claimant was employed by Medco as a certified nursing assistant until her termination for allegedly disregarding company rules. She applied for unemployment compensation, and a deputy for the Review Board found she qualified for such compensation. Medco filed a notice of appeal, and an appeal hearing was set. Notice of the hearing was sent to Claimant, but was not sent to Claimant's attorney. Neither Claimant nor her attorney attended the hearing. Medco did attend the hearing, and it presented evidence in an effort to prove that the rule Claimant violated was known, reasonable, and uniformly enforced. The administrative law judge entered a decision reversing the deputy's earlier determination.
Claimant filed a "Request for Appeal to the Review Board" in which she alleged that a new hearing was proper because her attorney did not receive notice of the hearing date. The Review Board affirmed the administrative law judge's determination, and Claimant now appeals on the basis that notice to her attorney was required by Ind.Trial Rule 5(B). Her appeal is taken under Ind.Appellate Rule 4(C).[1]

DISCUSSION AND DECISION
Ind.Appellate Rule 7.2(A)(1) states that the record of proceedings filed with this court must include "an assignment of errors for reviews from administrative decisions taken directly to the Court of Appeals under Appellate Rule 4(C)." IND. CODE 22-4-17-12(f) also requires the inclusion of an assignment of errors. The timely filing of an assignment of errors is a jurisdictional act. South Madison Commun. School Corp. v. Review Bd. of the Ind. Dep't of Employment & Training Services (1993), Ind. App., 622 N.E.2d 1042, 1043 (citing Lashley v. Centerville-Abington Community Sch. (1973), 155 Ind. App. 556, 293 N.E.2d 519). Failure to file the assignment of errors must result in dismissal for lack of jurisdiction. Id. (citing Ind. Bell Tel. Co., Inc. v. T.A.S.I., Inc. (1982), Ind. App., 433 N.E.2d 1195).
Our review of the record filed in this case discloses that an assignment of errors was not timely filed.[2] As Claimant has not invoked the jurisdiction of this court, the cause must be dismissed.
Two cases decided on this date examine the issue of whether the filing of an assignment of errors is a jurisdictional act. In Hogan v. Review Bd. of the Ind. Dep't of Employment and Training Services (1994), Ind. App., 635 N.E.2d 172, 178, the Second *186 District holds that "failure to include [an assignment of errors] does not deprive [this court] of jurisdiction, nor prevent us from exercising our inherent power to hear this cause." 635 N.E.2d at 179. Conversely, in Claywell v. Review Bd. of the Ind. Dep't of Employment and Training Services (1994), Ind. App., 635 N.E.2d 181, 182 the Fifth District holds that filing of the assignment is a jurisdictional act.
Hogan is based upon Lugar v. State (1978), 270 Ind. 45, 383 N.E.2d 287, wherein our supreme court stated that it has "the inherent discretionary power to entertain an appeal after the time allowed [to file a praecipe] has expired." Hogan, 635 N.E.2d at 176 (quoting Lugar, 383 N.E.2d at 288-89). From this statement, the Second District surmises that an appellant's failure to comply with the rules of procedure does not deprive an appellate court of jurisdiction, but merely gives the court the option to refuse to consider the appeal. Hogan, 635 N.E.2d at 176.
In Claywell, the Fifth District points out that the rule requiring the filing of an assignment of errors, unlike the rule considered in Lugar, is a statutory mandate that "we are not free to ignore." 635 N.E.2d at 183. We agree with the Fifth District that we do not have the authority to circumvent mandatory statutes.
The Fifth District notes that even if it were to agree with the Hogan court that the filing of an assignment of errors is not a jurisdictional act, Claywell's case was not a case where an appellate court should exercise discretionary powers to entertain an untimely appeal. Claywell, 635 N.E.2d at 183. The court also notes that Lugar only authorizes the exercise of inherent power "in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist."[3]Id. (quoting Lugar, 383 N.E.2d at 289). The court goes on to hold that "the case before us today does not involve a matter of great public interest or extraordinary circumstances."[4]Id.
We agree with the Fifth District's reading of Lugar. We also agree that a case involving the denial of unemployment compensation is not the "rare and exceptional case" which would warrant the exercise of inherent power to entertain an untimely appeal.

CONCLUSION
By failing to timely file an assignment of errors, Claimant has failed to invoke the jurisdiction of this court. Thus, Claimant's appeal must be dismissed.
MILLER and BARTEAU, JJ., concur.
NOTES
[1] App.R. 4(C) states that the "Court of Appeals shall have jurisdiction to entertain actions in aid of its appellate jurisdiction and to review decisions of ... the Department of Employment and Training Services ... and review final decisions of administrative bodies, boards, and persons as provided by statute for the Appellate Court and Court of Appeals."
[2] This appeal was filed on November 23, 1992. On February 18, 1993, the Review Board filed a motion to dismiss because of deficiencies in the record and brief filed by Claimant. In that motion, the Review Board pointed out that Claimant's failure to file an assignment of errors necessitated dismissal for lack of jurisdiction. On March 16, 1993, Claimant filed a request for an extension of time to supplement her brief and the record. On June 29, 1993, this court denied the Review Board's motion to dismiss and granted Claimant's motion for extension. Claimant subsequently filed an assignment of errors.

Our June 29, 1993, ruling was in error. An erroneous ruling is not binding upon this court when it is corrected in the process of considering a current appeal. See CNA Insurance Co. v. Vellucci (1992), Ind. App., 596 N.E.2d 926, 927 (holding that this court may reconsider an erroneous ruling as long as the appeal is current).
[3] In Lugar, the appellant's attorney did not comply with procedural rules because he was "serving in the legislature at the same time he was attempting to prepare a brief in a matter of great importance, involving millions of public dollars and private pension benefits." Lugar, 383 N.E.2d at 289.
[4] In Claywell, the appellant was appealing the denial of unemployment compensation by the Review Board.