Debra L. CLAYWELL, Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, et al.,

and

Stirling Clinic, Appellees.

No. 93S02–9411–EX–1145.

Supreme Court of Indiana.

Nov. 30, 1994.

Michael A. Minglin, Hollingsworth, Meek, Miller & Pearson, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellees.

ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

■ The Fifth District of the Court of Appeals held that appellant Debra Claywell's failure to file a timely assignment of errors after an adverse decision on her unemployment compensation claim deprived the court of jurisdiction and that therefore the appeal had to be dismissed. *Claywell v. Review Bd.* (1994), Ind.App., 635 N.E.2d 181. Claywell asks that we reverse, citing *Hogan v. Review Board* (1994), Ind.App., 635 N.E.2d 172, for the proposition that such procedural failings do not necessarily divest appellate courts of jurisdiction. *Id.* at 174. In *Hogan,* the Second District declined to follow the jurisdictional rule and held instead that appellate courts may exercise their inherent authority to entertain appeals even where a party has failed to satisfy the prerequisites for appeal. The Fifth District got it right.

This Court has considered perfecting a timely appeal a jurisdictional matter. *See Davis v. Pelley* (1952), 230 Ind. 248, 251, 102 N.E.2d 910, 911 ("[W]ithout a proper assignment of errors no jurisdiction is conferred upon this court."); *Vail v. Page* (1911), 175 Ind. 126, 131, 93 N.E. 705, 706 ("[B]y the failure to file the transcript within the statutory period ... this court never acquired jurisdiction of the appeal...."). More recently, in *Sears, Roebuck and Co. v. Hutchens* (1973), 260 Ind. 561, 297 N.E.2d 807, we held that where an appellant fails to file a timely praecipe, the Court of Appeals has "no choice" but to dismiss. *Id.* at 563, 297 N.E.2d at 808.

The requirement of a timely filing has been a bright line rule in the specific context of appeals in unemployment compensation cases. In *Ball Brothers Co. v. Review*

*Board.* (1961), 131 Ind.App. 683, 172 N.E.2d 898, for example, the court held that an appellate court is deprived of jurisdiction to review administrative action by a failure to file an assignment of errors. *See also Davidson v. Review Bd.* (1963), 134 Ind.App. 313, 187 N.E.2d 586. In *St. Amand–Zion v. Review Board* (1994), Ind.App., 635 N.E.2d 184, issued on the same day as *Hogan* and *Claywell,* the Fourth District followed these precedents and held that "[b]y failing to timely file an assignment of errors, Claimant has failed to invoke the jurisdiction of this court. Thus, Claimant's appeal must be dismissed." *Id.* at 186; *see also Renner v. Orion Elec.* (1994), Ind.App., 638 N.E.2d 1258; *South Madison Community Sch. Corp. v. Review Bd.* (1993), Ind.App., 622 N.E.2d 1042.

In *Hogan,* however, the Second District rejected the jurisdictional rule. Relying on *Lugar v. State* (1978), 270 Ind. 45, 383 N.E.2d 287, the court asserted that Indiana's appellate courts have the "'inherent discretionary power to entertain an appeal after the time allowed has expired.'" *Hogan,* 635 N.E.2d at 176 (quoting *Lugar,* 270 Ind. at 46, 383 N.E.2d at 289). *Lugar* did observe that appellate courts may accept such appeals "'only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist.'" *Lugar,* 270 Ind. at 46–47, 383 N.E.2d at 289 (quoting *Costanzi v. Ryan* (1977), 174 Ind.App. 454, 460, 368 N.E.2d 12, 16). Nevertheless, generic grounds such as lack of prejudice to the opposing party or lack of disadvantage to the reviewing court, grounds cited in *Hogan,* are not enough under the *Lugar* standard.

Both the Indiana Appellate Rules and the statutory scheme governing claims for unemployment benefits from the Department require that an appellant file an assignment of errors. Indiana Appellate Rule 7.2(A)(1) demands that the record of proceedings include "an assignment of errors for reviews from administrative decisions taken directly to the Court of Appeals under Appellate Rule 4(C)." [1] Furthermore, Ind.Code Ann. § 22–4–17–12(f) (West 1991) states that "[t]he appellant shall attach to the transcript an assignment of errors."

▮ The Court of Appeals properly refused to accept Claywell's untimely appeal.[2] We grant transfer and summarily affirm their dismissal. App.R. 11(B)(3).

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.

---

1. Indiana Appellate Rule 4(C) confers jurisdiction on the Court of Appeals "to review final decisions of the Workers' Compensation Board, the Department of Employment and Training Services, and the Utility Regulatory Commission, and review final decisions of administrative bodies, boards, and persons as provided by statute for the Appellate Court and Court of Appeals."

2. We also reject Claywell's claim that the Department waived its right to challenge the appeal for failure to file an assignment of errors when it petitioned for an extension of time. It is true that parties granted extensions may not assert technical errors in the record. *See, e.g., Maxwell v. Hahn* (1987), Ind.App., 508 N.E.2d 555, 558. The failure to file an assignment to correct errors, however, is fundamental to the appellate process. We will not prevent the Court of Appeals from addressing such a failure simply because the party seeking dismissal was granted an extension of time. *Cf. Behme v. Behme* (1988), Ind.App., 519 N.E.2d 578, 579 n. 1 (addressing challenge to motion to correct errors after granting extension of time).