Terry A. (Propes) BLACK,
Appellant–Plaintiff,

v.

OLIVE GARDEN RESTAURANT,
Appellee–Defendant.

No. 93A02–9306–EX–284.

Court of Appeals of Indiana,
Second District.

Dec. 28, 1994.

William Levy, Yosha Ladendorf & Todd, Indianapolis, for appellant.

Diana L. Wann, Ice Miller Donadio & Ryan, Indianapolis, for appellee.

## OPINION

SULLIVAN, Judge.

On November 30, 1994, the Indiana Supreme Court issued its opinion upon transfer in *Claywell v. Review Board of the Indiana Department of Employment and Training Services*, (1994) Ind., 643 N.E.2d 330. In that opinion, the court held that the timely filing of an assignment of errors is an absolute prerequisite for entertainment of an appeal from a decision concerning unemployment compensation. In doing so, the Court stated that absent an assignment of errors in the record filed, "the Court of Appeals has 'no choice' but to dismiss." At 330. Notwithstanding its adherence to the "requirement of a timely filing" as a "bright line rule" at 330, the court somewhat curiously acknowledged that such rules are not truly jurisdictional because in some instances, pursuant to *Lugar v. State ex rel. Lee* (1978) 270 Ind. 45, 383 N.E.2d 287, the court may exercise jurisdiction to consider an appeal which has not been timely perfected. Other than a $1,310,696.73 judgment against City of Indianapolis Police Pension Fund, as was the case in *Lugar, supra*, we do not know in what "rare and exceptional cases" at 330, our Supreme Court will permit this court to consider the merits of an untimely appeal.[1] Nevertheless, the higher court has made it clear that we may not do so in unemployment compensation cases. The same rigid requirement presumably applies to review of workers compensation awards.

We are unable to discern what distinction lies between the unconditional jurisdictional requirement in unemployment benefit cases and the exception made for other "cases" as contemplated by *Claywell, supra*. However, as recently stated by our Supreme Court in *Indiana Dep't. of Environmental Management v. Chemical Waste Management, Inc.*

---

1. Judge Staton's concurring opinion misreads *Lugar v. State ex rel. Lee* (1978) 270 Ind. 45, 383 N.E.2d 287. The concurrence assumes that the only procedural deficiency in *Lugar* was the filing of a belated appellant's brief. It may be first noted that that belated brief was filed pursuant to authorization specifically granted by the Court of Appeals. *See Lugar v. State ex rel. Lee* (1978) Ind.App., 374 N.E.2d 1159, 1161. The more glaring defect present in *Lugar* and the defect deemed to trigger the Court's inherent authority to consider the merits of the appeal, was the fact that the Motion to Correct Errors did not allege the error sought to be argued upon appeal. In this regard, the *Lugar* appeal was in the same posture of a case in which no Motion to Correct Errors had been filed. At the time of the *Lugar* decision, a Motion to Correct Errors was a condition precedent to appeal.

(1994) Ind., 643 N.E.2d 331, 340, "we can live with our inadequacy."

This appeal is dismissed.

FRIEDLANDER, J., concurs.

STATON, J., concurs with separate opinion.

STATON, Judge, concurring.

I concur in the Majority's dismissal of this case. However, I cannot join in the Majority's opinion, because I do not believe our supreme court's recent decision in *Claywell v. Review Board* (1994) Ind., 643 N.E.2d 330, is either curious or inadequate. In fact, *Claywell* merely reinforces the well established rule that when an assignment of errors is required by statute, the filing thereof is a prerequisite to appellate jurisdiction. *Id.*, at 330; *see also South Madison Community School Corp. v. Review Board* (1993), Ind. App., 622 N.E.2d 1042, 1043 (citing Ind.Appellate Rule 7.2(A)(1)).

It is the confusion in the Majority Opinion regarding *Lugar v. State* (1978), 270 Ind. 45, 383 N.E.2d 287, which I find curious. *Lugar* is factually inapposite to this case. *Lugar* involved the untimely filing of an appellant's brief pursuant to Ind.Appellate Rule 8.1(A), a deadline for which this court routinely grants extensions. This case involves the failure to file an assignment of errors, which is a statutory requirement for appealing a decision of the Unemployment Review Board. Ind.Code § 22–3–4–8(d) (1993); Ind.Appellate Rule 4(C).

Moreover, the *Lugar* court specifically outlined the limited parameters of this court's inherent powers:

This [supreme court] has inherent discretionary power to entertain an appeal after the time allowed has expired. The Court of Appeals also has this power. However[,] an appeal under such conditions is not a matter of right and will not be permitted in every situation. This Court will exercise such discretion 'only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist.'

*Id.* at 46–47, 383 N.E.2d at 289 (citations omitted). The distinction between the cases to which *Lugar* refers and the case at bar is easily discernable. The case at bar involves the failure to meet a statutory prerequisite, not the failure to follow the rules of appellate procedure. The case at bar is neither a matter of great public interest nor a case in which extraordinary circumstances exist. Instead, it is a case in which the appellant simply failed to file an assignment of errors, a statutory requirement to appeal a decision of the Unemployment Review Board.

Our supreme court's recent decision in *Claywell* makes clear that *Lugar* was not intended as a vehicle to abrogate the prerequisites to appellate jurisdiction established by our General Assembly. The only inadequacy lies in this Majority's refusal to accept our supreme court's interpretation of its own precedent.

I concur in dismissal of this case.