ATTORNEY FOR APPELLANT
Richard P. Busse
Valparaiso, Indiana

ATTORNEYS FOR APPELLEES
Michael D. Sears
Jacquelyn S. Pillar King
Singleton, Crist, Austgen & Sears, LLP
Munster, Indiana



FILED

Jun 17 2010, 3:02 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 45S05-1002-CV-121

CHRISTINE DUGAN,                                          *Appellant (Plaintiff below),*

v.

MITTAL STEEL USA INC., AND
JAY KOMOROWSKI, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,

*Appellees (Defendants below).*

Appeal from the Lake Superior Court, No. 45D05-0609-CT-180
The Honorable William E. Davis, Judge
The Honorable Noah Holcomb, Judge *pro tem*

On Transfer from the Indiana Court of Appeals, No. 45A05-0902-CV-69

**June 17, 2010**

**Dickson, Justice.**

In this action for defamation *per se* and intentional infliction of emotional distress, the plaintiff appeals from the grant of summary judgment for the defendants. The Court of Appeals reversed in part. Dugan v. Mittal Steel USA, Inc., 911 N.E.2d 692 (Ind. Ct. App. 2009). We granted transfer and now affirm the grant of summary judgment, concluding that the material facts are not in dispute and that a qualified privilege applies to preclude the defamation action.

The plaintiff, Christine Dugan, was working for Mittal Steel in 2004 when the defendant Jay Komorowski, a supervisor at Mittal Steel, made statements about the plaintiff to other Mittal Steel employees. Mittal Steel eventually discharged the plaintiff, and she then filed a grievance. In the ensuing arbitration, Mittal Steel was ordered to reinstate her with back pay. Appellant's App'x at 77. After her reinstatement, the plaintiff instituted this action against Komorowski and Mittal Steel. The defendants sought summary judgment, which the trial court granted, finding (a) that neither statement constituted defamation *per se*, (b) that both statements were protected by a qualified privilege and there was no evidence of abuse of privilege, and (c) that the claim of intentional infliction of emotional distress was not supported. The plaintiff appealed only as to the defamation claims.

A party is entitled to summary judgment upon demonstrating the absence of any genuine issue of fact as to a determinative issue unless the non-moving party comes forward with contrary evidence showing an issue of fact for trial. Williams v. Tharp, 914 N.E.2d 756, 761–62 (Ind. 2009); Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269–70 (Ind. 2009). An appellate court reviewing a trial court summary judgment ruling likewise construes all facts and reasonable inferences in favor of the non-moving party and determines whether the moving party has shown from the designated evidentiary matter that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Funston v. Sch. Town of Munster, 849 N.E.2d 595, 598 (Ind. 2006); Coca-Cola Co. v. Babyback's Int'l, Inc., 841 N.E.2d 557, 561 (Ind. 2006). But a *de novo* standard of review applies where the dispute is one of law rather than fact. Freidline v. Shelby Ins. Co., 774 N.E.2d 37, 39 (Ind. 2002).

## 1. Defamation *per se*

In her appeal, the plaintiff first challenges the trial court's conclusion that the alleged defamatory statements were not defamation *per se*. She argues that the statements accused her of both illegal activity and misconduct in her occupation and that they were false. In response, the defendants assert that the statements alleged by the plaintiff fail to support a claim for defamation *per se* because they do not impute criminal conduct or occupational misconduct without resort to extrinsic evidence.

To establish a claim of defamation, a "plaintiff must prove the existence of 'a communication with defamatory imputation, malice, publication, and damages.'" Trail v. Boys & Girls Clubs of N.W. Ind., 845 N.E.2d 130, 136 (Ind. 2006) (quoting Davidson v. Perron, 716 N.E.2d 29, 37 (Ind. Ct. App. 1999), *trans. denied*). A statement is defamatory if it tends "to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person." Kelley v. Tanoos, 865 N.E.2d 593, 596 (Ind. 2007) (internal citation omitted). One type of defamation action, alleging defamation *per se*, arises when the language of a statement, without reference to extrinsic evidence, constitutes an imputation of (1) criminal conduct, (2) a loathsome disease, (3) misconduct in a person's trade, profession, office, or occupation, or (4) sexual misconduct. *Id.*; *see also* Rambo v. Cohen, 587 N.E.2d 140, 145 (Ind. Ct. App. 1992), *trans. denied*; Elliott v. Roach, 409 N.E.2d 661, 683 (Ind. Ct. App. 1980), *trans. not sought*. In contrast, if the words used are not defamatory in themselves, but become so only when understood in the context of extrinsic evidence, they are considered defamatory *per quod*. McQueen v. Fayette County Sch. Corp., 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied*. In actions for defamation *per se*, damages are presumed, but in actions for defamation *per quod*, a plaintiff must prove damages. Rambo, 587 N.E.2d at 145–46.

At issue in this appeal are the following allegedly defamatory statements as asserted in the plaintiff's complaint:

> 6. In April, 2004, Defendant Komorowski told Kevin Vana, chief of security at Mittal, that the plaintiff was stealing time by working on Sundays on a "core exchange" scheme with her boss, Albert Verdusco, allegedly an attempt to defraud the Company. Defendant Komorowski also accused plaintiff of stealing an air compressor from the Company.

> 7. On or about September 9, 2004, Defendant Komorowski told Jim McClain and Zigmund Gorroll, employees of the Company, that plaintiff was working on a "core exchange" (theft) of welding machines with her boss, Albert Verdusco.

Appellant's App'x at 28 (punctuation in original). Rhetorical paragraphs 5, 6, 7, and 11 of the plaintiff's complaint alleged statements critical of the plaintiff that were made by Komorowski to other co-employees. The plaintiff argues on appeal that the evidence on summary judgment establishes several instances of defamatory communications. Seeking to limit the plaintiff's claims

to those asserted in her complaint, the defendants assert that the plaintiff's counsel stipulated by his express statement during the plaintiff's deposition that the plaintiff is "stipulating" that her claim for defamation "is specifically limited to what is set forth in the complaint." Appellees' App'x at 140. And the defendants further argue that the plaintiff's actions before the trial court operated to waive any claims of defamation *per se* under paragraphs 5 and 11. In response, the plaintiff does not dispute these claims, and her Reply Brief presents no claims as to paragraphs 5 or 11, nor as to any other statements in the summary judgment materials, but rather asserts only that "[t]he trial court mistakenly granted summary judgment to Mittal because paragraphs 6. and 7. of Dugan's complaint do support a claim for defamation *per se*." Appellant's Reply Br. at 5. We thus treat the plaintiff's appeal as challenging summary judgment only as to the allegations in paragraphs 6 and 7 of her complaint.

On the issue of whether defamation *per se* is raised by the plaintiff's complaint, the Appellees' Brief defends the summary judgment determination only as to the statements in paragraph 7. And in oral argument, counsel for the defendants conceded that the April 2004 statements alleged in paragraph 6 did amount to defamation *per se* but maintained that the September 2004 statements alleged in paragraph 7 did not.

In paragraph 6, the plaintiff alleges that defendant Komorowski stated to other employees that the plaintiff was "stealing time," working on a "scheme with her boss . . . allegedly an attempt to defraud the Company," and "stealing an air compressor from the Company." Appellant's App'x at 28. As statements imputing criminal conduct or occupational misconduct, these alleged statements clearly qualify for consideration as defamation *per se*.

As to paragraph 7 of the complaint, the plaintiff argues that the *per se* defamatory nature of the September 2004 statement alleged therein is established by the criminal imputation of the phrase "(theft) of welding machines." Appellant's Reply Br. at 3. It is only the word "theft," however, that suggests criminal activity, and this word appears in parentheses, expressing that it was not expressly communicated but rather inserted by the complaint drafter as an editorial attempt to attribute meaning and to place in context the statement "working on a 'core exchange.'" This insert, however, is a resort to extrinsic evidence and thus cannot constitute defamation *per*

*se*. Because defamatory imputation does not exist in the words "core exchange," or elsewhere in the statements alleged in paragraph 7, its allegations cannot be the basis for a claim of defamation *per se*. The trial court was correct on this point.

Therefore, as to the trial court's conclusion that "the stipulated statements at issue do not constitute defamation *per se* as a matter of law," we agree only as to the statements alleged in paragraph 7 of the plaintiff's complaint. Appellant's App'x at 16. As to the statements alleged in paragraph 6, however, which may constitute defamation *per se*, we turn to the trial court's alternative findings in support of summary judgment—that the "statements at issue are protected by qualified privilege, and there is no evidence to support an abuse of the privilege." *Id.*

## 2. Qualified Privilege

The plaintiff contends that summary judgment is not appropriate on grounds of qualified privilege because of the existence of disputed issues of fact. The plaintiff claims that because defendant Komorowski did not personally witness any actual wrongdoing by the plaintiff, Komorowski acted recklessly and "a jury could view Komorowski's statements as made without grounds for belief in the truth." Appellant's Br. at 17.

Because we have determined that only the April 2004 statement alleged in paragraph 6 suffices for consideration as defamation *per se*, the issue is thus whether the defendants have established from the designated materials on summary judgment that there is no genuine issue of material fact as to their claim of qualified privilege in connection with the alleged April 2004 statement. The plaintiff alleges in paragraph 6 that defendant Komorowski stated to Mittal Steel security chief Kevin Vana that the plaintiff was "stealing time by working on Sundays on a 'core exchange' scheme with her boss, . . ., allegedly an attempt to defraud the Company," and that Komorowski "accused plaintiff of stealing an air compressor from the Company." Appellant's App'x at 28. The defendants assert that the April 2004 statement was made by Komorowski, at Vana's request, to assist in an internal investigation that resulted in criminal charges and thus are protected by qualified privilege pursuant to Schrader v. Eli Lilly & Co., 639 N.E.2d 258 (Ind. 1994).

5

In Schrader, which involved a complaint alleging defamatory intracompany communications, we affirmed the trial court's grant of summary judgment and recognized the qualified privilege of common interest that "applies to communications made in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty, either public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty." *Id.* at 262 (internal citation omitted).

As to the claim of qualified privilege for the alleged defamation in April 2004, the designated material presented to the trial court as shown in the appellate record is not extensive. It shows that Mittal Steel employee Jay Komorowski had, over a period of several years, become concerned with the suspicious disappearance of company machinery and tools associated with concerted activities of several Mittal Steel supervisors and workers, including the plaintiff. Komorowski personally believed that at least one of them was stealing equipment from the company and that the plaintiff was somehow involved in the process. In April 2004 Komorowski expressed these concerns to Vana, Mittal Steel's Security Chief. It is Komorowski's statements during this discussion that are referred to in paragraph 6 of the plaintiff's complaint. At Vana's suggestion, Komorowski wrote a letter detailing his concerns to the president of the company. This letter provided details including not only reports of others who witnessed various thefts of Mittal Steel equipment but also his own personal observation of multiple welding machines being placed into trucks and then disappearing "never to return." Appellant's App'x at 67. The company thereafter engaged North American Security Solutions, Inc. to investigate an alleged "theft ring" involving the plaintiff's department.

The plaintiff argues that the defendants are not protected by qualified privilege because Komorowski made the statements to Vana "while having no basis for the truth of the statements other than what he heard from others" and that "[n]either Mittal or its employees have a common interest in rumors." Appellant's Reply Br. at 7.

The defendants, as the parties seeking summary judgment, claim that the designated evidence establishes the absence of any genuine issue of material fact as to the applicability of qual-

6

ified privilege to the April 2004 statements by Komorowski to Vana. In response, the plaintiff, as the non-moving party, does not dispute such facts but challenges the application of the privilege by arguing that Komorowski was also relying on information received from others and that he had not personally witnessed any stealing by the plaintiff, and thus his statement was made without grounds for belief in its truth.

It is unreasonable and contrary to sound policy for the common interest qualified privilege for intracompany communications about theft of company property to apply only for statements made on personal knowledge and to exclude the reporting of information received from others. Furthermore, to defeat application of the privilege, the evidence must show that the speaker "lacked any grounds for belief as to the truth of the statements." Bals v. Verduzco, 600 N.E.2d 1353, 1357 (Ind. 1992). *See also* Williams, 914 N.E.2d at 765–66. The designated evidence here clearly establishes that Komorowski's statements were based on an accumulation of several years of careful personal observations and gathering of information from others with first-hand knowledge and that his resulting concerns and opinions were expressed to the security chief in good faith. The plaintiff fails to identify any designated evidence showing that Komorowski lacked grounds for his belief in the truth of his statements.

We conclude that the defendants have demonstrated the absence of any genuine issue of material fact relating to their defense of qualified privilege and that the undisputed facts show that the alleged statement of Komorowski to Vana was made in good faith and without abuse regarding theft of company machinery and tools, a subject on which they both shared a common interest and duty. The statements thus fall within the qualified privilege as to the allegation of defamation *per se* presented in rhetorical paragraph 6 of the plaintiff's complaint.

**Conclusion**

Of the two alleged occasions of defamation *per se* at issue, the one asserted in paragraph 7 of the plaintiff's complaint does not constitute defamation *per se*. Although the statement alleged in paragraph 6 of the complaint qualifies as defamation *per se*, there is no genuine issue of fact undermining the defendants' claim of qualified privilege. Summary judgment for the defen-

dants is affirmed.[1]


Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[1] As part of its order granting the defendants' motion for summary judgment, the trial court also entered a full final judgment against the plaintiff. Appellant's App'x at 17. The plaintiff's appeal does not challenge this entry by presenting any claim that, even if the language of her rhetorical paragraphs fails to constitute defamation *per se*, the trial court should have entered only partial summary judgment on the issue of defamation *per se*, not final summary judgment on all claims.