## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 10 2020, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Philip C. Sheward
Thomas S. Bowman
Allen Wellman McNew Harvey, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven J. Hosler
Aaron T. Craft
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Vandenberg, *Appellant-Plaintiff,* <br><br> v. <br><br> Indiana Department of Correction, *Appellee-Defendant.* | July 10, 2020 <br><br> Court of Appeals Case No. 20A-PL-363 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Ian Stewart, Magistrate <br><br> Trial Court Cause No. 49D11-1903-PL-10525 |

**Mathias, Judge.**

[1]   Christopher Vandenberg ("Vandenberg") was convicted of two sex offenses, and the Indiana Department of Correction ("DOC") determined that he was

required to register as a sex offender for life. Vandenberg filed a declaratory judgment action in Marion Superior Court seeking a determination that he was required to register as a sex offender for ten years, not for life. The trial court granted the DOC's motion for summary judgment. Vandenberg appeals and argues that because his offenses are not unrelated, he is required to register as a sex offender for only ten years. Concluding that Vandenberg's offenses are not unrelated, we reverse and remand.

## Facts and Procedural History

[2] On April 29, 2017, Vandenberg's wife, A.W., reported to the police that she had discovered on Vandenberg's laptop computer nude photos of her twelve-year-old daughter, J.H., and a video of J.H. changing in her room after showering. The video appeared to have been taken with a hidden camera. Based on this information, on July 6, 2017, the police obtained a warrant to search Vandenberg's home. During the execution of this warrant, the police seized a Dell laptop computer, a Dell desktop computer, an Asus laptop computer, a Western Digital external hard drive, an external USB flash drive, and a box of CDs.

[3] A subsequent search of these items revealed a digital video recording on the Dell laptop with a file name of "20170119_181125874_00-170701005200.mp4," which depicted J.H. entering her bedroom wearing a towel, facing a mirror, and opening the towel, exposing her breasts and genital area. A search of Vandenberg's mobile phone revealed the same video file. The police also discovered that three other video files had been deleted from the phone, one of

which was named "house 3.mp4." Appellant's App. pp. 36, 48. The police were unable to determine the content of the deleted files.

[4] On July 28, 2017, the police received a call from the owner of the restaurant where Vandenberg had recently worked. The owner informed the police that he had discovered a USB drive with a "concerning" video on it. Appellant's App. pp. 32, 44. When the police searched the USB drive, they discovered a file named "house 3.mp4." This file appeared to be a copy of the file found on Vandenberg's laptop and phone depicting J.H. coming into her bedroom after showering. The creation date of the file on the drive was July 12, 2017, several days after the search and seizure of the items found in Vandenberg's home.

[5] On November 21, 2017, the State charged Vandenberg in Marion County with one count of Level 5 felony child exploitation and two counts of Level 6 felony possession of child pornography, based on the materials found during the search of his home.

[6] The State charged Vandenberg on November 26, 2017, in Boone County with one count of Level 5 felony child exploitation and one count of Level 6 felony possession of child pornography, based on the file found on the drive.

[7] On December 14, 2018, Vandenberg pleaded guilty to the Level 5 felony charge in Boone County and was sentenced to six years with two years suspended to probation. On January 8, 2019, Vandenberg pleaded guilty to the Level 5 felony charge in Marion County and was sentenced to an additional term of six years with two years suspended to probation. All other counts were dismissed.

[8] The DOC notified Vandenberg that he would be required to register as a sex offender for the remainder of his life pursuant to Indiana Code section 11-8-8-19(e). Vandenberg's subsequent administrative appeals were denied. On March 14, 2019, Vandenberg filed a complaint for declaratory judgment in Marion Superior Court, asking the trial court to conclude that Vandenberg should only be required to register as a sex offender for ten years, not for life. Both parties then filed motions for summary judgment, and the trial court held a summary judgment hearing on January 23, 2020. The following day, the trial court entered an order granting the DOC's motion for summary judgment and denying Vandenberg's motion. Vandenberg now appeals.

## Standard of Review

[9] Vandenberg appeals the trial court's order granting the DOC's motion for summary judgment. Our standard for reviewing a trial court's order granting a motion for summary judgment is well settled: a trial court should grant a motion for summary judgment only when the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Altevogt v. Brand*, 963 N.E.2d 1146, 1150 (Ind. Ct. App. 2012) (citing Ind. Trial Rule 56(C)). An appellate court reviewing a trial court's summary judgment ruling must construe all facts and reasonable inferences in favor of the non-moving party and determine whether the moving party has shown from the designated evidence that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Id.* (citing *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010)). Where

the relevant facts are not in dispute and the interpretation of a statute is at issue, the matter is a pure question of law for which summary judgment is particularly appropriate. *Clem v. Watts*, 27 N.E.3d 789, 791 (Ind. Ct. App. 2015).

[10] The interpretation of a statute is a question of law that we review de novo. *Green v. State*, 945 N.E.2d 205, 208 (Ind. Ct. App. 2011) (citing *Montgomery v. State*, 878 N.E.2d 262, 266 (Ind. Ct. App. 2007)). We presume that the General Assembly intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policies and goals. *Id.* (citing *Gauvin v. State*, 883 N.E.2d 99, 103 (Ind. 2008)). If a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Id.* But if a statute is susceptible to more than one reasonable interpretation, it is ambiguous and must be construed to determine legislative intent. *Id.* (citing *Cochran v. State*, 859 N.E.2d 727, 729 (Ind. Ct. App. 2007)).

[11] We also keep in mind that penal statutes must be strictly construed against the State. *Id.* (citing *Jacobs v. State*, 640 N.E.2d 61, 64 (Ind. Ct. App. 1994), *trans. denied*). But this does not mean that a statute should be interpreted in an overly narrow manner so as to exclude cases fairly covered by it; we should instead interpret the statute so as to give efficient operation to the expressed intent of the legislature. *Id.*

# Indiana Sex Offender Registration Act

[12]     Vandenberg claims that he is not required to register for life as a sex offender under the Indiana Sex Offender Registration Act ("SORA"). Section 19 of SORA provides in relevant part:

> (a) Except as provided in subsections (b) through (f), a sex or violent offender is required to register under this chapter until the expiration of ten (10) years after the date the sex or violent offender:
>
> > (1) is released from a penal facility (as defined in IC 35-31.5-2-232) or a secure juvenile detention facility of a state or another jurisdiction;
> >
> > (2) is placed in a community transition program;
> >
> > (3) is placed in a community corrections program;
> >
> > (4) is placed on parole; or
> >
> > (5) is placed on probation;
>
> for the sex or violent offense requiring registration, whichever occurs last. . . .
>
> * * *
>
> (e) A sex or violent offender who is convicted of at least two (2) *unrelated* offenses under section 5(a)[1] of this chapter is required to register for life.

---

[1] This section defines a "sex or violent offender" as a person convicted of any of several offenses, which includes child exploitation. I.C. § 11-8-8-5(a)(4).

Ind. Code § 11-8-8-19 (emphasis added). Thus, under SORA, a sex offender must at minimum register for ten years, but must register for life if the offender is convicted of two "unrelated" sex offenses. The question here is whether Vandenberg's two offenses are "unrelated."

## Discussion and Decision

Vandenberg claims that the two offenses for which he was convicted are not unrelated because they were based on the same video involving the same victim. The DOC claims that the offenses are unrelated because he first created and transferred the video to his laptop and phone at home, and later, after his laptop and phone had been searched, copied the video file to a USB drive at work.

Our research has revealed one prior case in which we have construed the meaning of "unrelated offenses" in Subsection 19(e). In *Nichols v. State*, 947 N.E.2d 1011 (Ind. Ct. App. 2011), we determined that "Subsection 11-8-8-19(e) addresses the factual and substantive relationship among offenses, not the procedural aspects of [a] case[.]" *Id.* at 1016. In that case, the defendant argued that his multiple sex offense convictions were not unrelated, and that he was therefore not required to register for life. Specifically, Nichols argued that the term "unrelated" as it is used in Subsection 19(e) should be interpreted in the same manner as it is in the habitual offender statute, which authorizes sentence enhancements when a defendant has "accumulated the required number of prior unrelated felony convictions." Ind. Code § 35-50-2-8(a).

[15]    Nichols argued "that registration for life is only required where a second offense was committed after the defendant was sentenced for a first offense." *Nichols, 947 N.E.2d at 1015*. We rejected this argument, noting that "Subsection 19(e) says 'two (2) unrelated offenses,' and not . . . '*prior* unrelated felony *convictions*.'" *Id*. at 1015–16 (quoting I.C. § 11-8-8-19(e), I.C. § 35-50-2-8(a)). We observed that the absence of the words "'prior' and 'felony convictions' in SORA makes it clear that the legislature intended for the statute to apply broadly, that is, to multiple sex offenses without regard to their sequence or status of adjudication. Had the legislature intended otherwise, it would have stated otherwise." *Id*. at 1016. We held that, under the plain and ordinary meaning of the word "unrelated," "it is clear that 'unrelated offenses' applies to offenses independent of one another—not offenses in sequence where the first offense has already resulted in a conviction and sentencing." *Id*.

[16]    Nichols had been convicted of three sex offenses against two victims in two different counties, and the offenses in the first county were committed against a different victim and during a different period of time from the offenses in the second county. We reasoned that "the only connection of any sort between the offenses for which Nichols was convicted [was] the consolidation of the proceedings," and this procedural connection was not a relationship between the offenses. *Id*. Thus, because Nichols' offenses were unrelated, he was required to register as a sex offender for life. *Id*.

[17]    Here, Vandenberg points out that, unlike Nichols, whose offenses were committed against two victims in different counties at various times,

Vandenberg's offenses involved the same victim and the same video. The DOC argues that *Nichols* merely rejected the habitual-offender interpretation of the term "unrelated," but did not affirmatively hold that "multiple victims or any other factor is necessary to render multiple offenses 'unrelated.'" Appellee's Br. at 13. And the DOC insists that, as in *Nichols*, Vandenberg's offenses are unrelated because they occurred in different counties, at different times, and involved different conduct.

[18] The term "unrelated" is defined as "not connected in any way: DISCRETE, SEPARATE," Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/unrelated (last visited June 25, 2020) [https://perma.cc/6TA8-R9YE], and "[h]aving no connection or common link." The New Shorter Oxford English Dictionary (1993). Here, under the plain, ordinary meaning of the word "unrelated," we can only conclude that Vandenberg's offenses are not unrelated. That is, we cannot agree that his offenses are "not connected in any way," or that they have "no connection or common link." They are clearly connected and do have a common link: both offenses are based on Vandenberg's creation, possession, and storage of the same video file involving the same victim. In the words of the *Nichols* court, the factual and substantive relationship among Vandenberg's offenses are not independent of one another. 947 N.E.2d at 1016.

## Conclusion

[19] Because Vandenberg's offenses are not unrelated as that term is used in Indiana Code section 11-8-8-19(e), he is not required to register as a sex offender for life

under SORA. Instead, he is required to register for a period of ten years, and the trial court erred as matter of law in concluding otherwise. We therefore reverse the order of the trial court granting the DOC's motion for summary judgment and remand with instructions that the court grant Vandenberg's motion for summary judgment and enter an order declaring that Vandenberg is required to register as a sex offender for a period of ten years.

[20] Reversed and remanded.

Riley, J., and Tavitas, J., concur.