## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Aug 10 2016, 7:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Michael P. Misch
Loris P. Zappia
Anderson, Agostino & Keller, P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Mark F. Criniti
Paul Edgar Harold
Stephen M. Judge
LaDue Curran & Kuehn LLC
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Peter Aghimien and Mable
Aghimien,

*Appellants-Plaintiffs,*

v.

Mark Fox,

*Appellee-Defendant.*

August 10, 2016

Court of Appeals Case No.
71A03-1602-CT-291

Appeal from the St. Joseph Circuit
Court.
The Honorable Michael G. Gotsch,
Judge.
Cause No. 71C01-1407-CT-253

**Friedlander, Senior Judge**

[1]     Peter Aghimien and Mable Aghimien appeal the trial court's grant of summary
judgment in favor of Mark Fox and the denial of their motion for summary
judgment. We affirm.

[2]   Peter Aghimien, Douglas Agbetsiafa, and Fox were professors at the Judd Leighton School of Business and Economics at Indiana University-South Bend.[1]  In June 2012, Fox read an article Aghimien and Agbetsiafa had co-authored, and he believed the article contained plagiarized passages.  He did further research and found other articles co-written by Aghimien and Agbetsiafa that he also believed contained plagiarized passages.  Fox reported the matter to Indiana University's Research Integrity Office, which opened an investigation.

[3]   On October 2, 2012, while the investigation was pending, Jamshid Mehran, who was the chair of finance, banking, and international business at Indiana University-South Bend, sent an email to eight faculty members and the dean of the business school.  Mehran proposed a date for the faculty members to meet to select a chairperson for the committee that governed promotion, tenure, and reappointment of faculty.  Appellee's App. p. 2.  On October 4, 2012, Fox emailed the following response to his seven fellow faculty members, Mehran, and the dean:

> Dear Colleagues,

---

[1] The Aghimiens have presented us with an incomplete record on appeal.  The Appellants' Appendix must contain "those parts of the Record on Appeal that are necessary for the Court to decide the issues presented," including "pleadings and other documents from the Clerk's Record . . . that are necessary for resolution of the issues on appeal."  Ind. Appellate Rule 50(A).  The Aghimiens have failed to include in their Appendix Fox's motion for summary judgment and designation of evidence, their own cross-motion for summary judgment and designation of evidence, and the parties' responses to the cross-motions.  They also failed to include a copy of the email that is the subject of their claim of defamation.  These shortcomings have hampered our review of the case.

> I have no interest in being chair as I am on sabbatical in the spring.
>
> I realize we do not have any formal guidelines for who should be a chair, but I suggest that in light of the remarkable lack of originality of some of the research conducted by Douglas and Peter that they should not be chair. Examples of this lack of originality are attached and you should be able to confirm these by checking google and library databases.
>
> Regards,
>
> Mark

[4] *Id.* Fox's attachments have not been included in the record on appeal. The trial court characterized the attachments as "articles . . . supporting his position and insinuation that Aghimien had plagiarized." Appellants' App. p. 9.

[5] Indiana University's investigation ultimately cleared Aghimien of wrongdoing and determined Agbetsiafa was responsible for the plagiarized passages. Next, Aghimien and his wife, Mable, sued Fox, claiming defamation, tortious interference with a business relationship, intentional infliction of emotional distress, and loss of consortium. The defamation claim was based on the October 4, 2012 email and other communications not at issue in this appeal. Fox filed a motion for summary judgment, and the Aghimiens filed a cross-motion for summary judgment. After a hearing, the trial court granted Fox's motion and denied the Aghimiens' motion. This appeal followed.

[6] The Aghimiens claim the trial court should have granted summary judgment in their favor on Peter's claim for defamation arising from Fox's October 4, 2012 email. Orders for summary judgment are reviewed de novo, and we use the

same standard of review as the trial court. *AM General LLC v. Armour*, 46 N.E.3d 436 (Ind. 2015). A party is entitled to summary judgment upon demonstrating the absence of any genuine issue of fact as to a determinative issue unless the nonmoving party comes forward with contrary evidence showing an issue of fact for trial. *Dugan v. Mittal Steel USA*, 929 N.E.2d 184 (Ind. 2010). We construe all facts and reasonable inferences in favor of the nonmoving party. *Id.* Our standard of review does not change when there are cross-motions for summary judgment. *Liberty Mut. Fire Ins. Co. v. Beatty*, 870 N.E.2d 546 (Ind. Ct. App. 2007). The reviewing court must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

[7] The law of defamation was created to protect individuals from reputational attacks. *Meyer v. Beta Tau House Corp.*, 31 N.E.3d 501 (Ind. Ct. App. 2015). To establish a claim of defamation, a plaintiff must prove the existence of a communication with defamatory imputation, malice, publication, and damages. *Wartell v. Lee*, 47 N.E.3d 381 (Ind. Ct. App. 2015), *trans. denied*. Whether a communication is defamatory is generally a question of law for the court, but the determination becomes a question of fact for the jury if the communication is reasonably susceptible to either a defamatory or non-defamatory interpretation. *Hamilton v. Prewitt*, 860 N.E.2d 1234 (Ind. Ct. App. 2007), *trans. denied*. In determining whether a defamatory meaning is possible, we test the effect that the statement is fairly calculated to produce and the impression it would naturally engender in the mind of the average person. *Id.*

[8] In his email, Fox insinuated that Aghimien had engaged in professional misconduct. The email is not reasonably susceptible to a different interpretation. Thus, whether the email established all of the elements of defamation was a question of law for the trial court.

[9] This case turns upon the element of malice. An individual bringing a defamation action must show actual malice in matters of public or general concern. *Journal-Gazette Co., Inc. v. Bandido's, Inc.*, 712 N.E.2d 446 (Ind. 1999). Actual malice exists when the defendant publishes a defamatory statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 456 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S. Ct. 710, 726, 11 L. Ed. 2d 686 (1964)). A defendant's actual state of mind is a critical factor in the analysis. *Id.* A defendant's state of mind is a subjective fact and may be shown by indirect or circumstantial evidence. *Id.*

[10] Fox's email alleged faculty misconduct, specifically that Aghimien and Agbetsiafa had included plagiarized material in published articles. Claims of professional, public misconduct by employees at a state-supported university are a matter of public concern. *See Poyser v. Peerless*, 775 N.E.2d 1101 (Ind. Ct. App. 2002) (circumstances of a teacher's firing treated as a matter of public interest); *cf. Beeching v. Levee*, 764 N.E.2d 669 (Ind. Ct. App. 2002) (workplace dispute between principal and teachers at a public school did not qualify as a matter of public interest). As a result, the actual malice standard applies here.

[11] Turning to the trial court's grant of summary judgment to Fox, we view the facts in the light most favorable to the nonmovants, the Aghimiens. In the email and in his summary judgment pleadings, Fox cited to specific evidence to establish his sincere belief that Aghimien had committed professional misconduct. Specifically, Fox summarized his review of Aghimien and Agbetsiafa's articles for evidence of plagiarism and provided examples of their articles compared with the articles from which he believed passages were taken without attribution. Appellee's App. pp. 5-6. It appears that in the email in question, Fox expressed a good-faith opinion that neither of his colleagues should be the chairperson in light of what he viewed as their misconduct.

[12] The Aghimiens have not pointed to any countervailing evidence that indicates Fox falsely or recklessly accused Aghimien of plagiarism. As a result, there was no dispute of material fact on the element of actual malice, and the trial court properly granted summary judgment to Fox on the Aghimiens' claim of defamation.[2] *See Poyser*, 775 N.E.2d 1101 (trial court did not err in granting summary judgment on defamation claim; plaintiff failed to provide any evidence to show defendants knew or were reckless as to whether their statements were false). Furthermore, because the defamation claim is without merit, the trial court did not err in denying the Aghimiens' motion for summary judgment.

---

[2] Fox argues his email was covered by a qualified privilege and that the email was not defamatory because it contained true statements. We do not need to reach those issues.

[13]     For the reasons stated above, we affirm the trial court's judgment.

[14]     Judgment affirmed.

Mathias, J., and Altice, J., concur.